ORIGINAL

FILED IN CLERK'S OFFICE
NOV 15 2007
JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| v. | : | 1 07-CV-2832 |
| LEAR SIEGLER SERVICES, INC., | : | JURY TRIAL DEMANDED |
| Defendant. | : | |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief to Rori Batts who was adversely affected by such practices. The Commission alleges that Lear Siegler wrongfully terminated Rori Batts in retaliation for engaging in protected activity under Title VII. Rori Batts registered a complaint with Lear Siegler's Human Resources Department on February 24, 2006, and was subsequently terminated.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 28 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Lear Siegler Services, Inc., (the "Defendant"), has continuously been a foreign corporation doing business in the State of Georgia and the city of Fayetteville (among other cities), and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than 30 days prior to the institution of this lawsuit, Rori Batts filed her charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least February 2006, Defendant engaged in unlawful employment practices at its Fayetteville, Georgia location, in violation of Section 704(a) of Title VII, 42 U.S.C. §§ 2000e-3(a), by discharging Rori Batts in retaliation for reporting that African American employees were subjected to different terms and conditions of employment than their white counterparts, a practice made unlawful by Title VII.

8. The effects of the practices complained of in paragraph 7 above have been to deprive Rori Batts of equal employment opportunities and, otherwise, adversely affect her status as an employee because she engaged in protected activity.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were carried out with malice and/or reckless indifference to the federally protected rights of Rori Batts.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in employment practices that discriminate on the basis of involvement in activity protected by Title VII.

B.    Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees who engage in activity protected by Title VII, and which eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendant to make whole Rori Batts, who was adversely affected by Defendant's discriminatory conduct, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Rori Batts and/or front pay.

D.    Order Defendant to make whole Rori Batts by providing compensation for past and future pecuniary losses resulting from the unlawful

employment practices described above, including but not limited to, job search expenses resulting from the retaliation, in amounts to be determined at trial.

E. Order Defendant to make and preserve all records, in accordance with the provisions of Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), relevant to the determination of whether unlawful employment practices have been or are being committed.

F. Order Defendant to make whole Rori Batts by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain and suffering, inconvenience, loss of enjoyment of life, anxiety, stress, depression, and humiliation, in amounts to be determined by the enlightened conscientious of the jury at trial.

G. Order Defendant to pay to Rori Batts punitive damages for Defendant's malicious and reckless conduct described above, in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

                                        Respectfully submitted,

                                        Ronald S. Cooper
                                        General Counsel

                                        James L. Lee
                                        Deputy General Counsel

                                        Gwendolyn Young Reams
                                        Associate General Counsel

_Nov. 15, 2007_
Date

                                        Robert K. Dawkins
                                        Regional Attorney
                                        Georgia Bar No.: 076206

                                        Vincent Hill
                                        Trial Attorney
                                        Georgia Bar No.: 354723

                                        Equal Employment Opportunity Commission
                                        Atlanta District Office
                                        100 Alabama St., SW, Suite 4R30
                                        Atlanta, Georgia 30303
                                        (404) 562-6818   (direct)
                                        (404) 562-6905   (facsimile)